# EXHIBIT 3

```
 1                    REPORTER'S RECORD
                   VOLUME 1 OF 1 VOLUMES
 2              TRIAL COURT CAUSE NO. 1195044
           COURT OF CRIMINAL APPEALS NO. APP-76,188
 3
    THE STATE OF TEXAS     *    IN THE DISTRICT COURT OF
 4                         *
                           *
 5  VS.                    *    HARRIS COUNTY, TEXAS
                           *
 6                         *
    ROBERT ALAN FRATTA     *    230TH JUDICIAL DISTRICT
 7

 8
                  ****************************
 9
                       MOTION TO WITHDRAWN
10                      EXECUTION DATE

11                ****************************

12

13           On the 10th day of January, 2023, the

14  following proceedings came on to be heard in the

15  above-entitled and numbered cause before the Honorable

16  Chris Morton, judge presiding, held in Houston, Harris

17  County, Texas.

18           Proceedings reported by computerized stenotype

19  machine; Reporter's Record produced by computer-aided

20  transcription.

21  REPORTER'S NOTE:  Some or all of these proceedings were

22  taken over a ZOOM video conference call.  There may be

23  unavoidable inaudibles in the transcript due to the

24  limitations of this mechanism of reporting during

25  COVID-19 pandemic.
```

```
 1                        A P P E A R A N C E S

 2

 3   FOR THE APPLICANT:

 4   Mr. James Rytting
     SBN 24002883
 5   Hilder & Associates
     819 Lovett Boulevard
 6   Houston, Texas 77006
     713-655-9111
 7

 8

 9

10   FOR THE STATE OF TEXAS:

11   Mr. Joshua Reiss
     SBN 24053738
12         - AND -
     Ms. Cristina Platter
13   SBN 24080492
     Assistant District Attorneys
14   1201 Franklin
     Houston, Texas 77002
15   713-274-5800

16

17

18

19

20

21

22

23

24

25
```

```
 1                   THE COURT:  We're here on the State of
 2   Texas versus Robert Alan Fratta, Cause No. 1195044.  We
 3   are here on the Applicant's motion for withdrawal of
 4   execution order.
 5                   You may proceed.
 6                   MR. RYTTING:  Yes, Your Honor.
 7                   Hold on.  Let me take everything off
 8   first.
 9                   (Brief pause.)
10                   Yes, Your Honor.  We're here to ask the
11   Court to withdraw the execution order in light of
12   developments in the 419th District Court of Travis
13   County.
14                   Judge Catherine Mauzy has issued a
15   temporary injunction.  And the reason why she issued
16   the temporary injunction has to do with the fact that
17   she held a live hearing.  Heard extensive expert
18   testimony from Dr. Almgren about the expiration date on
19   the drugs that the State is proposing to inject into
20   Mr. Fratta.
21                   That testimony established that the dates
22   -- beyond use dates of these drugs exceeded 1,000 days
23   in the -- in the -- when it came to 100 cc or 100
24   milliliter vials and it was -- and the last time that
25   they had renewed the supply for the 50 -- 50 millimeter
```

1  -- milliliter vials was in 2021 -- I believe early
2  2021.  So, these drugs are years old.  And they have
3  been stored under circumstances that we don't know
4  about, that have not been carefully documented and that
5  do not satisfy any of the standards of the United
6  States Pharmacopoeia Board and -- and rules.
7              They also -- the Judge found that --
8  Judge Mauzy also found that to administer these drugs
9  would violate numerous Texas statutes.
10             So, in order for them to -- in order for
11 -- if the State of Texas carries out the execution, it
12 will be doing so in violation of law.  And we ask --
13 and we believe that this is sufficient reason, good
14 reason and compelling reason to withdraw the execution
15 date in this case.
16             The other reason why withdrawing the
17 execution date is reasonable and necessary in this case
18 is because the issues that have been raised cannot be
19 decided by appellate bodies in the -- in an hour's
20 time.  They are far too involved, far too complex.  And
21 right now with the execution pending, there is
22 conflicting orders of the court.
23             The State, I should say, will not be
24 harmed irreparably by withdrawing the execution date.
25 They can set a new date.  They certainly can't argue

```
 1  that if we do so -- if we have to -- if we don't
 2  execute him, now the drugs we have will expire because
 3  those drugs have expired.  That could be about the only
 4  reason that requires the State to stick with this
 5  execution date.  But that -- that is absolutely a moot
 6  point.  It's absolutely something that the State cannot
 7  plausibly argue.
 8              The rest has to do with, of course,
 9  issues with the bureaucracy, issues of transportation.
10  But this is an execution.  And those types of problems
11  are easily -- easily overcome.  They're easily absorbed
12  by the State in this case.
13              Once they get their house -- their
14  pharmaceutical house in order, they can carry out the
15  execution unless something else develops in this case
16  that warrants staying it.
17              So, we would argue fervently that right
18  now is the time to withdraw that execution date.
19  Otherwise, it will be -- it's a carnival actually to --
20  in an instance like this where the courts are at odds,
21  where the orders are at odds and people are fighting
22  over an issue of life and death in a matter -- you
23  know, over the emails with filings being put -- filings
24  being put together instantaneously, with judgments
25  being made, split decisions being made about life and
```

1  death in an important case like this where we have
2  shown to a fair-minded jurist, competent jurist in
3  civil courts that this execution will -- not the
4  execution, but the administration of those drugs
5  violates the law.
6              So, we would ask that the Court withdraw
7  that.
8              THE COURT:  I have -- I have read Judge
9  Mauzy's injunction or temporary injunction with setting
10 a new date for March 20th, 2023 at 9:00 a.m.
11             This is not a stay of execution, merely
12 an injunction on the use of pentobarbitals that do not
13 meet the guidelines under the Texas Occupation Code,
14 specifically the Texas Pharmacy Act.
15             I'll hear a response from the State.
16             MR. REISS:  Thank you, Your Honor.
17 Joshua Reiss on behalf the State of Texas.  My bar card
18 number is 24053738.
19             COURT REPORTER:  I'm sorry.  My
20 microphone went out.  I can't hear you.
21             (Brief pause.)
22             MR. REISS:  At what point do you need me
23 to start, right where I introduced myself?
24             COURT REPORTER:  Yes, sir.  I didn't hear
25 anything after that.

```
 1                MR. REISS:  All right.  Let me begin
 2   again.
 3                Joshua Reiss on behalf of the State of
 4   Texas.  My bar card number is 24053738.
 5                Your Honor, with all due respect to my
 6   friend and colleague, Mr. Rytting, this is an issue
 7   relating to do you have jurisdiction to do that which
 8   you are being asked to do.
 9                With all due respect to Mr. Rytting and
10   Mr. Fratta, you do not.  You do not have authority to
11   withdraw this date based upon what they have filed with
12   you.
13                By way of background, the Court of
14   Criminal Appeals specifically entered the writ of
15   prohibition preventing the Travis County civil district
16   court to do what it did today.  And it entered that
17   order on January 4th, 2023.  That writ of prohibition
18   is still pending and was apparently ignored by the
19   civil district court judge in Travis County this
20   morning.
21                With regard to -- under the circumstances
22   by which you do or do not have authority to pull an
23   execution date.  I would call the Court's attention to
24   Article 43.141(d).
25                THE COURT:  Say again.
```

```
1                      MR. REISS:  Yes, sir.
2                      43.141(d).  I'll read it.
3                      The convicting court may modify or
4    withdraw the order of the court setting a date for
5    execution in a death penalty case if the court
6    determines that additional pleadings are necessary on
7    one, a subsequent or untimely application for a writ of
8    habeas corpus filed under Article 11.071 or a motion
9    for forensic testing of DNA evidence submitted under
10   Chapter 64.
11                     You have neither of those two documents
12   in front of you.
13                     The State of Texas applies the doctrine
14   in dealing with execution dates of whatever is not
15   explicitly authorized is forbidden.
16                     My authority for that is Staley,
17   S-t-a-l-e-y, V. State, 420 Southwest 3rd 785, 797, Code
18   of -- Court of Criminal Appeals, 2013.
19                     Just give me one moment.
20                     THE COURT:  Do you have a copy?
21                     MR. REISS:  I do not, Judge.  I will --
22   we will --  I'm sorry.
23                     THE COURT:  I understand.  That's fine.
24   Please continue.
25                     MR. REISS:  Yes, sir.
```

```
 1                  The other case I would cite the Court to
 2   is State Ex rel Risinger, R-i-s-i-n-g-e-r, 479
 3   Southwest 3rd, 257 to 263.  In that case, on the date
 4   of Raphael Don Holiday's execution, his attorney
 5   untimely filed a motion to withdraw the execution order
 6   to allow Holiday an opportunity to file a subsequent
 7   writ.  The trial court granted it and was ordered to
 8   withdraw the order.
 9                  That would be binding on this Court.  I
10   would also point the Court -- though I do not have
11   authority for this because it was fairly recent.  Your
12   Honor may recall the case of John Wesley Ruiz, where
13   there was an issue as to whether the district attorney
14   in Corpus Christi meant to file an execution order.
15   They filed the execution order and then the district
16   attorney said wait a minute, I didn't mean to do that.
17                  The trial court in that case determined
18   properly that under the -- under the strict
19   interpretation of 431 -- 43.141(d), that was not in
20   power to withdraw on execution date, even if the
21   district attorney's office requested it, which is what
22   happened in that case.
23                  Lastly, Your Honor, I would point this
24   Court to State Ex rel Holmes versus the Third Court of
25   Appeals, 885, Southwest 2nd, 389 at pages 395 to 97,
```

1  Texas Court of Criminal Appeals, 1994.  For the
2  proposition that a district court in this case had no
3  jurisdiction to enjoin the scheduled execution or to
4  issue an order purporting to do so.
5              In that case what Holmes stands for is
6  the proposition is that -- trying to find the specific
7  language.
8              I'm sorry, Judge.  It's been a long day.
9              But basically everyone needs to stay in
10 their lanes.  That a district court -- a criminal court
11 judge -- as the criminal courts have exclusive
12 jurisdiction over matters related to execution dates.
13 I can pull those cases for you.
14             And as to the carnival like atmosphere
15 alluded to by Mr. Rytting, I will note that these
16 filings, they occurred kind of late.  We didn't even
17 get -- there was a hearing that was scheduled today.
18             And as to who will be harmed, the Fratta
19 family will be harmed.  They've been waiting a long
20 time for this execution to take place.
21             I think that the proper thing for the
22 Court to do in light of the authority and the
23 substitutes I have pointed the Court to is -- in light
24 of the writ of mandamus is to deny this and let's wait
25 and see what the CCA does.  And there will be appellate

1  rights taken up should the CCA order the Travis County
2  court to withdraw its order.  They can go to the United
3  States Supreme Court or arguably the Texas Supreme
4  Court.
5           THE COURT:  I am going to hear a response
6  in relation to 43.141(d) of the Texas Code of Criminal
7  Procedure indicating that I do not have the authority
8  based upon your filings to withdraw the execution
9  order.
10          MR. RYTTING:  Yes, Your Honor.
11          First off, the language does not say that
12 this will be the -- these are the exclusive
13 circumstances under which a court may withdraw the
14 execution date.  It says it may under these
15 circumstances do so.
16          It does not confine the Court otherwise
17 to these -- to situations whereas Rule 64 -- or Chapter
18 64 or a successor petition has been filed.
19          Furthermore, the practices in the
20 district courts under a variety of circumstances has
21 been such that execution dates have been withdrawn,
22 including in Harris County, even though they -- the two
23 predicates under which you may withdraw an execution
24 date have -- have been -- have not been satisfied,
25 including I believe the Arthur Brown case, including, I

```
 1  believe the case of Mr. Avila in which -- and
 2  oftentimes, the State will agree -- not often, but at
 3  times the State will agree or at least will not firmly
 4  oppose a motion to withdraw even though they are not
 5  pleadings such as the ones that Mr. Reiss has
 6  identified on file and actively -- actively being
 7  pursued in the Court.
 8              So, you do have discretion to do it.
 9  This is an extraordinary circumstance in which
10  exercising that discretion is clearly appropriate.
11              THE COURT:  Mr. Reiss, anything further?
12              MR. REISS:  I would just add with regard
13  to -- I can't speak to both cases, but I certainly can
14  speak to the Arthur Brown case.
15              In the Arthur Brown case -- and this goes
16  back maybe eight or nine years.  There was an execution
17  date and the execution date was withdrawn because both
18  parties asked the Court to withdraw it so that
19  Mr. Brown could file a subsequent writ of habeas corpus
20  and investigate.
21              He did then file it.  Relief was denied.
22  A new execution date has been set and that date is also
23  now impacted by -- theoretically by the Travis County
24  court that got us here today.
25              In this case, we are not agreeing to pull
```

```
 1  this date.  And again, I think that Risinger and
 2  Staley, which are binding authority on this Court stand
 3  for the proposition that 43.141(d) does not apply the
 4  standard of if it doesn't say you can't do it, you can.
 5  It means if it doesn't say you can do it, you cannot.
 6              With all due respect, I do not think you
 7  have authority to grant this motion to withdraw the
 8  execution date.
 9              That's all I have, Judge.
10              THE COURT:  And my understanding of the
11  cannons of statutory interpretation, when it
12  specifically states when I can do something or when I
13  may do something and it does not include other things,
14  those are not included.
15              That it would seem to indicate to me that
16  the statutes should be interpreted as these being the
17  only two situations where I may exercise a discretion
18  in withdrawing the execution date.
19              I do not agree that Judge Mauzy's
20  injunction is a stay of execution or in violation of
21  the writ of prohibition.  It appears that should the
22  Texas Department of Criminal Justice have within their
23  possession drugs, Phenobarbital or pentobarbital --
24              MR. RYTTING:  Pentobarbital, yes, Your
25  Honor.
```

```
 1                THE COURT:  Thank you.
 2                That does meet those standards as laid
 3   out in the injunction, they could use those at this
 4   time.  And there would be no reason for us to remove
 5   the execution.
 6                If they cannot abide by the injunction
 7   order or that injunction stands and then they would be
 8   precluded based upon that from violating the Texas
 9   Pharmacy act.
10                I have no jurisdiction over that.  That
11   is something for the Texas Supreme Court to rule upon
12   and potentially the Texas Court of Criminal Appeal to
13   have some say as to whether or not the injunction is,
14   in fact, a violation of the writ of prohibition.
15                As such, I do not have the authority at
16   this time under the Code of Criminal Procedure to
17   withdraw the execution date.  The motion is denied at
18   this time.
19                MR. REISS:  Thank you, Your Honor.
20                MR. RYTTING:  Thank you, Your Honor.
21                THE COURT:  We're off the record.
22                (Proceedings adjourned.)
23
24
25
```

```
 1  THE STATE OF TEXAS           )
 2  COUNTY OF HARRIS             )
 3            I, Trisha Matthews, Official Court Reporter in
 4  and for the 230th District Court of Harris County,
 5  State of Texas, do hereby certify that the above and
 6  foregoing contains a true and correct transcription of
 7  all portions of evidence and other proceedings
 8  requested in writing by counsel for the parties to be
 9  included in this volume of the Reporter's Record, in
10  the above-styled and numbered cause, some or all of
11  which occurred BY ZOOM VIDEO CONFERENCE and were
12  reported to the best of my ability due to the
13  limitations of utilizing this mechanism, during the
14  COVID-19 pandemic, by which it was reported by me.
15            I further certify that this Reporter's Record
16  of the proceedings truly and correctly reflects the
17  exhibits, if any, admitted or tendered in an Offer of
18  Proof by the respective parties.
19            WITNESS MY OFFICIAL HAND this the 7th day
    of February, 2023.
20
21
22
23            /s/ Trish Matthews
              Trisha Matthews, Texas CSR#6606
24            Expiration Date: 07/31/2024
              Official Reporter, 230th District Court
25            Houston, Harris County, Texas
```