## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **WILLIAM KEITH SPEER,** *Plaintiff*, | § § § | **CASE NO. 4:23-cv-3958** |
| **v.** | § § | |
| | § | **THIS IS A CAPITAL CASE** |
| **BOBBY LUMPKIN, Director, et al.,** *Defendants.* | § § § § | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION SEEKING CLARIFICATION

On October 24, 2023, this Court denied Plaintiff William Speer's emergency motion for preliminary injunction pending full litigation of his due process claim concerning Defendants' denial of access to information necessary to assess whether his right to be free from "unnecessary pain," "ill treatment," or "torture" under Tex. Code Crim. Proc. art. 43.24 has been violated. Order Denying Motion for Preliminary Injunction, ECF No. 16 ("Order"). Defendants move for clarification of their obligation to respond to Plaintiff's Complaint. Mot. Clarification, ECF No. 19 ("Mot."). While Mr. Speer does not take a position on the request for clarification, he objects to the Defendants' improper use of the motion to make arguments that "dismissal under Federal Rule of Civil Procedure 12(b)(6) "is appropriate." Mot. at 3. Mr. Speer does not oppose the Defendants' request for an extension of time in which to file any responsive pleading or motion.

It is plain that this Court did not take the extraordinary step of dismissing this case *sua sponte* without notice to the parties and without entering final judgment in a separate document. "[I]t is generally inappropriate for a federal court at a preliminary injunction stage to give a final judgment on the merits." *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981) (citations omitted). The reasons are plain: no responsive pleading or motion has been made. The evidence presented is often "less complete," proceedings are less "formal," and review is made in greater "haste" than in a trial on the merits. *Id.* The Fifth Circuit has repeatedly reversed district courts for

dismissing lawsuits without prior notice to the parties that it intends to consolidate consideration of the merits with the request for a preliminary injunction under Federal Rule of Civil Procedure 65(a)(2). *See H & W Indus., Inc. v. Formosa Plastics Corp.*, USA, 860 F.2d 172, 173, 176-77 (5th Cir. 1988); *Willits v. Richardson*, 497 F.2d 240, 244 (5th Cir. 1974); *Nationwide Amusements, Inc. v. Nattin*, 452 F.2d 651, 652 (5th Cir. 1971). *See also* 11A Mary Kay Kane & Alexandra Lahav, *Federal Practice & Procedure (Wright & Miller)* § 2950 (3d ed., Apr. 2023 update).

The Federal Rules of Civil Procedure do not leave the question of whether judgment has been entered to the parties' speculation. Had the Court intended to enter judgment, it would have "set out" its final judgment in a separate document. Fed. R. Civ. P. 58. Defendants offer no precedent to support their view that the Court would have dismissed the case—an important and unusual step at this stage—through a catch-all statement that "all other relief requested is denied." Order at 18. Moreover, contrary to the Defendants' "infer[ence]," Mot. at 4, the Court's reference to "any appeal" is not an indication that the Court rendered final judgment; it is more naturally read as recognizing Mr. Speer's right to appeal the interlocutory order denying a preliminary injunction. *See* 28 U.S.C. § 1292(a)(1). Further, this Court's analysis in its Order denying Mr. Speer's preliminary injunction was dedicated to weighing the factors set out in *Nken v. Holder*, 556 U.S. 418 (2009), as the standard for deciding whether to issue a *preliminary injunction*. These factors bear no weight on whether a *complaint* should be dismissed and a final judgment ordered.

Defendants also argue that preliminary and permanent relief were identical here because both "would prevent the State from going forward with his execution as planned." Mot. at 3. But Defendants are mistaken. The Supreme Court has explained that the "the proper remedy" here is a preliminary injunction, "not a stay of execution," precisely because a preliminary injunction does not unconditionally stop an execution. *Ramirez v. Collier*, 595 U.S. 411, 436 (2022), *discussed in*

Reply in Support Prelim. Inj. at 1-2, ECF No. 15.

Defendants' arguments seeking dismissal under Rule 12(b)(6) ought to be raised in a responsive filing, to which Mr. Speer can respond in the ordinary course.

Respectfully submitted,


Marie Hanewinckel (*pro hac vice*)
Taryn Winston (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Email: mhanewinckel@cov.com
Email: twinston@cov.com

Maureen Franco
Federal Defender
Western District of Texas

/s/ Joshua Freiman
Joshua Freiman
Fed Bar No. 3342395
NY Bar No. 5353545
Donna Coltharp
Assistant Federal Public Defenders
919 Congress Ave., Ste. 950
Austin, Texas 78701
Joshua_Freiman@fd.org

*Counsel for William Keith Speer*

## **CERTIFICATE OF SERVICE**

I certify that on December 18, 2023, a true and correct copy of the foregoing will be served

on counsel for all Defendants using the Court's electronic filing system to:

MICHAEL J. CALB
Assistant Attorney General
Attorney-in-Charge
Texas State Bar No. 24126986
Michael.calb@oag.texas.gov
Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin TX 78711
T: (512) 463-2080/F: (512) 370-9814

STEPHEN M. HOFFMAN
Assistant Attorney General
Texas Bar No. 24048978
Southern District Bar No. 602073
P. O. Box 12548, Capitol Station
Austin, Texas 78711
Tel: (512) 936-1400
Fax: (512) 320-8132
Email: Stephen.Hoffman@oag.texas.gov


                                        /s/ Joshua Freiman
                                        Joshua Freiman